**SIGNED.**

Dated: June 02, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| JOHN WINSTON STONE, | No. 2:08-bk-16103-JMM |
| Debtor. | Adversary No. 2:09-ap-00337-JMM |
| JOHN W. STONE, Plaintiff, | **MEMORANDUM DECISION** |
| vs. | |
| Maricopa County Superior Court Judge PAUL J. MCMURDIE, individually and official capacity; Maricopa County Probation Officer KATHLEEN FRAZIER, individually and official capacity; Maricopa County Judge DAVID FLETCHER, individually and official capacity; PAUL A. HENDERSON; SCOTT M. CLARK; KENT and KRISTINA HARDING; and John and Jane Doe(s), Defendants. | |

Before the court are motions to dismiss the Plaintiff's complaint filed by the Defendants in this action (DN 5, DN 9).

The grounds for the motions are that the Plaintiff, whom the District Court has recognized as a vexatious litigant, failed to gain pre-filing approval of the United States District Court for the District of Arizona, as required by United States District Judge Mary Murguia's order of September 29, 2008. A copy of Judge Murguia's order is attached hereto.

1 | The Plaintiff responds that the principal defendants, as well as state court judges and other public officials, in their ongoing efforts to extricate themselves from the multiple lawsuits filed by Plaintiff, violated the automatic stay of 11 U.S.C. § 362(a).

The Defendants' motions are well-taken. Because the Plaintiff continues to litigate the same matters which have been previously resolved, District Judge Murguia's order requires pre-approval by the District Court. Such consent was not gained prior to filing this complaint, and therefore, on that basis, it must be dismissed.

To the extent that any of the Defendants have, in any way, technically violated the automatic stay, the stay will be annulled, thereby excusing any technical violation that may have occurred.

A separate order will be entered which:

1. Dismisses this action against all Defendants, for failure to obtain pre-filing consent of District Judge Murguia or any other District Court Judge for the District of Arizona;

2. Annuls the automatic stay of 11 U.S.C. § 362(a), presuming any technical violation thereof has occurred; and

3. Prohibits the filing, by the Plaintiff, of any motion for reconsideration, to alter or amend, or any such post-judgment motions. Plaintiff's sole remedy shall be by appeal, upon payment of the appropriate filing fee.

DATED AND SIGNED ABOVE.

| | | |
|---|---|---|
| 1 | COPIES served as indicated below on the date signed above: | |
| 2 | | |
| 3 | John Winston Stone<br>18025 N 88th Dr<br>Peoria, AZ 85382 | U.S. Mail |
| 4 | Debtor / Plaintiff | |
| 5 | Jonathan Franklin Weisbard<br>Arizona Attorney General | |
| 6 | 1275 W Washington<br>Phoenix, AZ 85007 | |
| 7 | Attorneys for Paul J. McMurdie and<br>Kathleen Frazier | Email |
| 8 | | |
| 9 | Scott M. Clark<br>Law Offices of Scott M. Clark | |
| 10 | 3008 N. 44th St.<br>Phoenix, AZ 85018 | |
| 11 | Attorneys for Paul A. Henderson, Scott M.<br>Clark, Kent Harding, Kristina Harding | Email |
| 12 | Edward J. Maney, Trustee<br>P.O. Box 10434 | |
| 13 | Phoenix, AZ 85064-0434 | Email |
| 14 | Office of the U.S. Trustee<br>230 N. First Ave., Suite204 | |
| 15 | Phoenix, AZ 85003-1706 | U.S. Mail |

By    /s/ M.B. Thompson
        Judicial Assistant

# **EXHIBIT "A"**

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHIRLEY STONE and JOHN STONE, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MARICOPA COUNTY, ARIZONA; CITY OF PEORIA, ARIZONA; DAVID LEONARDO, individually and as the former Chief of Police for the City of Peoria Police Department; STEVE KEMP, individually and as the former City Attorney for the City of Peoria; JOHN KEEGAN, individually and as the former mayor of the City of Peoria; THOMAS STEWART, individually and as a detective in Criminal Investigations Bureau with the City of Peoria Police Department; MICHAEL SELF, individually and as detective for Terrorist Division of the Criminal Investigations Bureau with the City of Peoria Police Department; THE HONORABLE LEX ANDERSON, individually and as the former Peoria Justice Court Judge; RON MEYER, individually and as Maricopa County Constable; KENT HARDING; KRISTINA HARDING; SCOTT M. CLARK; LAW OFFICES OF SCOTT M. CLARK; PAUL K. HENDERSON; BILL HOWARD, dba, Two Men and a Truck Moving Company; THE HONORABLE ROBERT C. HOUSER; JOHN DOE CONSTABLES, I-V; JOSEPH M. BOYLE; JANE DOES, I-L; JANE DOES, government employees, VI-L,<br><br>Defendants. | No. CV 07-1801-PHX-MHM<br><br>**ORDER** |

Currently before the Court are: **(1)** Peoria Defendant's Motion to Dismiss (Dkt.# 6); **(2)** Maricopa County, The Honorable Lex Anderson, and Ron Meyer's Motion to Dimiss (Dkt # 11); **(3)** Stones' Motion to Vacate Writ of Restitution (Dkt.# 13); **(4)** Kent Harding, Kristina Harding, Scott M. Clark, Law Offices of Scott M. Clark, Paul K Henderson, Joseph M. Boyle's Motion to Dismiss (Dkt.# 16); **(5)** Michael Self's Motion to Dismiss and Motion for Joinder by the City of Peoria, Steve Kemp, John Keegan, Thomas Stewart, Michael Self (Dkt.# 21); **(6)** Stones' Motion to Vacate Judge Marlar's 9/6/05 Order Lifting Automatic Stay (Dkt.# 24); **(7)** Stones' Motion for Sanctions (Dkt.# 25); **(8)** Clark, Henderson, Harding, Boyle's Motion to Reaffirm the Vexatious Litigant Order of Judge Bury (Dkt.# 28); **(9)** Stones' Motion to Adjudge Defendants in Contempt (Dkt.# 33); **(10)** Stones' Motion for Reconsideration of Court's Order dated 12/11/07 (Dkt.# 47); **(11)** Stones' Motion Requesting Court to Take Judicial Notice of the Orders and Adjudicated Facts in Federal Case CV 05-2626 (Dkt.# 50); **(12)** Stones' Emergency Motion for Leave to File Supplemental Pleading for 9/10/07 (Dkt.# 55); **(13)** Stones' Motion Requesting Court to Take Judicial Notice (Dkt.# 59); **(14)** Stones' Motion Requesting Court to take Judicial Notice of Defendant's Bankruptcy Court Filing (Dkt.# 61); and **(15)** Stones' Motion for Status. (Dkt.# 62).

Plaintiffs John and Shirley Stone appear before the Court in what is now their tenth filing in the United Stated District Court for the District of Arizona on claims that are related to events and occurrences arising out of their numerous bankruptcy filings.[1] See Stone, et al. v. v. Jackson, et al., CV 98-1087-PHX-ROS; Stone, et al. v. v. Mason, CV 99-1738-PHX-PGR; Stone, et al. v. Albertson's Inc.,CV 99-1897-PHX-MS; Stone, et al. v. Mason, et al., CV 02-0784-PHX-PGR; Stone, et al. v. Mason, et al., CV 02-1389- PHX-PGR; Stone, et al. v. Fanfare Media Works, et al.,CV 03-0562-PHX-SRB; Stone, et al. v. Curley, et al., CV 03-

---

[1] Plaintiffs have filed at least five bankruptcies in the District of Arizona since 1998. See 05-BK-13837 at 2. In fact, Plaintiffs' bankruptcy filings are so prolific that Bankruptcy Judge Marlar has Ordered that any future filings by the Stones be assigned directly to his court. See CV-05-2626, Dkt.# 101, p.4 n.2.

1585-PHX-SRB; <u>Stone, et al. v. Baum, et al.</u>, CV 05-2626-PHX-DCB; <u>Stone v. Thomas, et al.</u>, CV 06-1324-PHX-NVW (ECV).

These previous cases have repeatedly resulted in decisions against the Plaintiffs on grounds ranging from the application of the preclusion doctrines of res judicata and collateral estoppel, to principles of absolute immunity for judicial officers performing their official duties, to failure to state a claim upon which relief could be granted. After each successive court defeat, Plaintiffs have attempted to re-litigate the same factual underpinnings by brining new suits that name or remove several defendants, but are otherwise identical to the previous ones. Throughout the course of their prodigious litigation efforts the Stones have been given innumerable warnings by the federal district court and others that continuing to file and re-file frivolous claims against state and federal judges, opposing counsel, and certain common defendants would result in both sanctions under Rule 11 Fed. R. Civ. P. and the issuance of a vexatious litigant order, which would prevent Plaintiffs from commencing an action in federal court without first seeking the Court's permission and pre-filing review. Yet Plaintiffs remained undeterred.

Given the multiplicity of lawsuits and the voluminous number of motions filed by the Stones in this and other cases, the record before the Court is somewhat confusing. The Court will, however, provide a brief overview of the historical facts and procedural posture of this action.[2]

**I.  Background**

The heart of the Stones' court filings focus on two incidents which more or less intersect with their numerous bankruptcy petitions. The first incident concerns a running feud between the Stones and Albertsons, Inc. The second involves a dispute over a residential lease agreement between the Stones and the Harding family. The latter dispute forms the basis of the instant suit before this Court.

---

[2] The Background section of this Order is drawn primarily from Judge McNamee's Dec. 1, 2005 Order in CV 05-2626 and Judge Bury's dispositive Order dated Dec. 22, 2005 in that same case. <u>See</u> CV 05-2626, Dkt. ## 101,113.

### A. Albertsons Litigation

The Stones first sued Albertsons, Inc., in 1998 in Arizona Superior Court, alleging Albertsons breached a settlement agreement concerning use of the Stones' bulletin board advertising business. See CV 05-2626, Dkt. 113, p. 4 (citing Stone v. Albertsons, Inc., CV 98-1889). Albertsons counter-claimed against the Stones for $400,000-$500,000 in back rent. Id. The case was ultimately dismissed as a sanction against the Stones for violating a court order. Id. The Stones then filed for Chapter 11 bankruptcy, where the two pending lawsuits became property of the bankruptcy estate. Id. (citing Memorandum Decision, BAP No. AZ 01-1498, filed Sept. 9, 2002, at 2-4). The bankruptcy was eventually converted into a Chapter 7 filing and the court appointed a trustee who attempted to resolve the Albertsons-Stone litigation—after concluding that the Stones' claims were meritless. Id. at 5. To this end, Albertsons offered to purchase both suits from the bankruptcy estate in return for $14,000 and a waiver of any proof of claim for the value of its state court counterclaim. Id. The cases were then placed on public auction, for which no bids were submitted. Id. The bankruptcy trustee later approved sale of the Stones' lawsuits to Albertsons. Id. The Stones filed objections to the bankruptcy sale order that were denied by the bankruptcy judge as moot. Id. The sale order was appealed to the Bankruptcy Appellate Panel (BAP), and was again dismissed as moot. The Ninth Circuit later affirmed these decisions in Stone v. Albertsons, Inc., 51 Fed. Appx. 753 (9th Cir. 2002).

The Stones then filed four adversary actions in bankruptcy court. Id. at 5-6. These actions were dismissed after the bankruptcy court repeatedly rejected the claims on res judicata grounds. Id.

Following the events in Bankruptcy Court, the Stones brought numerous other lawsuits in federal district court against Albertsons, its lawyers, various judges who had ruled against them, the bankruptcy trustee, and any other individuals or entities who were perceived as being somehow complicit in effectuating the trustee's sale order. Each lawsuit attempted to re-hash the initial determination made by the bankruptcy court regarding the sale order. These lawsuits were styled as either federal civil rights actions, federal RICO

actions, supplemental state tort claims, requests for declaratory relief, or other less understandable causes of action. All of these suits were dismissed.

### B. The Harding Litigation

The Hardings, who are Defendants in the instant suit, were parties to a residential lease agreement with the Stones. See CV 05-2626, Dkt.# 101, p. 2. The Hardings hired the law firm of Scott M. Clark (consisting of Clark and Paul Henderson), both of whom are Defendants here, to represent them in a forcible detainer action brought against the Stones for non-payment of rent. (Amended Complaint, Dkt.# 1 Document 4, p. 3, 4). On June 28, 2005, the Hardings through their counsel petitioned the Arizona Justice Court, Peoria Division, for a forcible detainer. The petitition was scheduled to be heard by the Honorable Lex Anderson on August 4, 2005.

In order to procedurally deadlock the Hardings' action, on July 5, 2005, the Stones filed a Chapter 13 bankruptcy petition. This petition had the desired effect of staying the forcible detainer action. (BK-05-12104, Dkt.# 1). However, on July 26, 2005, Bankruptcy Judge Marlar granted the Hardings motion for relief from the automatic stay to pursue their remedies in Arizona state court to reclaim possession of their property. CV 05-2626, Dkt.# 101, p. 2. That same day, the Hardings Chapter 13 bankruptcy petition was voluntarily dismissed. Id.

On August 2, 2005, two days before the scheduled forcible detainer action was to be heard in Arizona Justice Court, the Stones again petitioned for bankruptcy before Judge Marlar, this time under Chapter 11. Id. Thereafter, according to Plaintiffs, they delivered a copy of the bankruptcy filings to Judge Anderson's clerk and faxed a copy to opposing counsel. Id. at 2. Nevertheless, on August 4, 2005, Judge Anderson held the hearing on the forcible detainer as scheduled, and the Stones did not attend. Id. Judge Anderson entered judgment for a forcible detainer in the amount of $8,276. Id. at 3 (citing 05-BK-13837, Dkt.# 3, Exhibit 4A, 6A, 7A). The judgment also provided for a writ of restitution if the Stones did not vacate the property. Id.

On August 11, 2005, after Constable Ron Meyers, another Defendant here, posted an eviction notice on the property in question, the Stones provided Judge Anderson with a copy of the Chapter 11 petition, at which time Anderson vacated the writ of restitution but not the underlying judgment. Id. at 2-3. In response, the Hardings filed a motion for emergency relief in bankruptcy court before Judge Marlar—who ordered that a hearing be held to determine whether it was appropriate to lift the automatic stay on the forcible detainer. Id. (citing 05-BK-12104, Dkt.# 14, 34). The hearing was set for August 31, 2005. Id. (citing 05-BK-12104, Dkt.# 26).

On August 30, 2005, the Stones filed a motion to dismiss their Chapter 11 filing. The Stones then declined to attend the August 31st hearing, after which, Judge Marlar issued a minute order immediately lifting the automatic stay, thereby allowing the Hardings to return to state court to reclaim their property. Id.

On September 7, 2005, the Hardings returned to Arizona Justice Court where they obtained a newly issued writ of restitution from Judge Anderson. Id. The writ was executed on September 8, 2005, resulting in the Stones' eviction. Id. at 5. After the eviction, pursuant to Arizona state law, the Hardings removed certain personal property belonging to the Stones from the rental unit. Id; see A.R.Z. § 33-1368(E). The Stones' Chapter 11 bankruptcy petition was then dismissed on October 5, 2005. On November 17, 2005, the Hardings filed a notice for a public sale of personal property belonging to the Stones that had been removed from the vacated premises and placed into storage. This sale was to have taken place on December 2, 2005. Id.

**C.     CV 05-2626-PHX-DCB**

On August 30, 2005, the Stones filed a complaint in federal court in the case CV 05-2626, seeking to name all parties involved in both the Albertsons and Harding litigation as defendants in a single suit. Named were Kent Harding, Scott M. Clark, Paul K. Henderson, Lex Anderson, all of whom are Defendants in the instant case. See CV 05-2626, Dkt.# 1). The Stones also named Albertsons, Inc., and its lawyers, various state and federal district court judges, federal bankruptcy judges, FBI Director Robert Mueller, President George W.

1  Bush, Attorney General John Ashcroft, and a host of others whom the Stones believed were
2  involved in wrongdoing related to Albertsons' purchase of its 1998 state court case, as well
3  as the forcible detainer action and writ of restitution that allowed the Hardings to evict the
4  Stones. Id.

5  On December 1, 2005, United States District Court Judge for the District of Arizona,
6  Stephen M. McNamee, ruled on the merits of the Stones' claims regarding the forcible
7  detainer and writ of restitution. See CV 05-2626, Dkt.# 101, p. 5-6. Judge McNamee found
8  that the writ of restitution issued by Justice of the Peace Anderson allowed the Hardings,
9  pursuant to Arizona state law, to both evict the Stones from the rental property and hold their
10 personal property for a later sale. Specifically, the Court found that, contrary to the Stones'
11 assertions, the rental property was not subject to the Chapter 11 estate. Id. at 5. Second,
12 the Court found that the Stones' right to pursue a remedy for any alleged violations by the
13 Hardings of the automatic stay had already expired. Lastly, the Court held that the Stones
14 had waived their right to challenge Judge Marlar's Order lifting the automatic stay since they
15 had failed to lodge a timely appeal, and attempting to collatarally attack that Order before the
16 district court was not permissible. Id. at 6-7.

17 On December 20, 2005, Judge Bury issued a dispositive ruling in the case. See CV
18 05-2626, Dkt.# 113. The Court's order referred the Stones back to previous orders where the
19 Court had explained how principles of res judicata barred subsequent litigation between the
20 same parties on the same cause of action, where there had been a final judgment on the
21 merits. Id. at 8. With respect to these repeat defendants, Judge Bury wrote, the "Court will
22 not, in an exercise of futility, attempt to restate what these other courts have so completely
23 explained to the Plaintiffs. Even given the repeated explanations, it appears that Plaintiffs
24 cannot be persuaded that res judicata bars them from re-litigating" against Albertsons. Id.
25 The Court went on to find that, "[u]nder the circumstances Plaintiffs have been so thoroughly
26 informed regarding the lack of any procedural and/or legal merit to their claims as to
27 eliminate any possible confusion or questions that might have otherwise existed due to
28 Plaintiffs' *pro se* status." Id. With respect to Plaintiffs motive to file suit, the Court found

- 7 -
Case 2:09-ap-00337-JMM   Doc 10   Filed 06/02/09   Entered 06/03/09 10:13:15   Desc
Main Document    Page 11 of 20

that, "because Plaintiffs have been repeatedly informed that such repetitive suits are barred by res judicata, there can be no conclusion except that Plaintiffs filed this case for an improper purpose, such as to harass Albertsons and/or cause Albertsons undue litigation costs." Id.

The Court went on to impose sanctions on the Stones under Rule 11 Fed. R. Civ. P. for $27,044, an amount equaling Albertsons' costs and attorney fees. See CV 05-2626, Dkt.# 121. The Court also considered whether a <u>blanket vexatious litigant order</u> was warranted, one that would prevent the Stones from filing **any** lawsuits in federal court, regardless of the subject matter, absent pre-filing review by the Court. See CV 06-2626, Dkt.# 113, p. 9-10. Judge Bury wrote that the Stones' practice of relitigating previously determined issues, and then later filing suit against the very judges who dismissed their cases, along with opposing counsel, amounted to a "a huge waste of judicial effort and time." Id. at 10. The "Court [was] convinced, based on Plaintiffs' litigious record, that unless enjoined they [would] continue their practice and pattern of vexatious and harassing attempts to relitigate cases resolved against them." Id. Nevertheless, while Judge Bury noted that there was "adequate justification" to impose a permanent injunction against the Stones from filing suits in the District of Arizona, the Court was inclined to "give Plaintiffs one last chance to self monitor and regulate their use of the federal courts." Id. at 11.

The case was thereafter dismissed with leave to amend, so long as an amended complaint did not include "any claims which have been adjudicated by other courts," including:

> **<u>claims addressed in the Order issued by Judge McNamee, filed on December 1, 2005</u>**, which arise from the eviction proceedings against Plaintiffs and related justice court rulings and the bankruptcy court rulings lifting the bankruptcy stays to allow the eviction proceedings to go forward against the Plaintiffs, resulting in the eviction of Plaintiffs and ultimate sale of alleged business and personal property. As Judge McNamee noted, the propriety of these courts' rulings is not before this Court because Plaintiffs failed to timely appeal them.

Id. at 20, n.1 (emphasis added). The Court further held that should the Stones attempt to re-litigate the Albertsons and Harding claims in federal court, a blanket vexatious litigant order would be issued against them.

### D. CV 06-1324-PHX-NVW (ECV)

Directly contravening Judge Bury's order, on May 15, 2006, John Stone filed suit in federal district court against Kent Harding, Kristina Harding, Scott M. Clark, Paul K. Henderson, Thomas Stewart, Lex Anderson, Steve Kemp, and Ron Meyer—all Defendants in the instant case—for various claims related to the forcible detainer and writ of restitution. See CV 06-1324, Dkt.# 1. The claims contained therein were virtually identical to those addressed by Judge McNamee in the December 1, 2005 Order. Id. at 8-10.

On October 23, 2006, Judge Wake denied Stone's request to proceed *In Forma Pauperis* on the grounds that Stone, although representing to the Court that he was "subject to house arrest . . . [and had] no other source of income since his incarceration and [was] unable to pay the filing fees," had also recently posted a secured appearance bond for $2,500. CV 06-1324, Dkt.# 6, p. 2. The Court further ordered that if Plaintiff chose to pay the filing fee and proceed with his claim, he must "show good cause why this action should not be summarily dismissed for failure to comply with the vexatious litigant order against him." Id. at. 6. Thereafter, Plaintiff missed the deadline to file an amended complaint and did not appeal the Court's Order.

### E. State Court Litigation

On March 2, 2006, the Stones filed a state court action against Kent Harding, Kristina Harding, the Law Offices of Scott M. Clark, Paul K. Henderson, Jane and/or John Does 1-100, in Maricopa County Superior Court, CV2006-050748. The claims brought against the defendants involved the same events adjudicated in federal district court in CV 05-2626-PHX-DCB. (Dkt.# 11 Exhibit 1). The case unsurprisingly ended when the Maricopa Superior Court granted summary judgment against the Stones on September 27, 2007. (Dkt.# 16 Exhibit 1.) The legal argument presented by the defendants in their motion for summary judgment was res judicata, predicated on the previous federal court ruling. (Dkt.# 11 Exhibit 1).

///

///

- 9 -
Case 2:09-ap-00337-JMM    Doc 10    Filed 06/02/09    Entered 06/03/09 10:13:15    Desc
Main Document    Page 13 of 20

## II. The Instant Case

Following the grant of summary judgment by Maricopa County Superior Court, the Stones filed this current suit, CV 07-1801-PHX-MHM. An Amended Complaint was lodged in Arizona state court on September 10, 2007 and Defendants removed the case to federal court, where it currently sits. (Dkt.# 1). The Amended Complaint includes more or less all of the same defendants named throughout the Harding litigation, plus the Honorable Robert C. Houser, who granted summary judgment against the Stones in the above mentioned state suit, and Joseph M. Boyle, who represented Harding, Henderson and Clark in that same action. Moreover, the factual underpinnings of the suit concern the forcible detainer and the writ of restitution—again, these claims arise from the same cause of action dealt with by the bankruptcy court, this Court in CV 05-2626 and CV 06-1324, and Maricopa County Superior Court in CV2006-050748.

As for specific allegations made against the Defendants, the Amended Complaint reads as follows: **(1)** Kent and Kristina Harding are being sued for acts related to their rental agreement with the Stones and subsequent forcible detainer and writ of restitution; **(2)** Scott M. Clark and the Law Offices of Scott M. Clark are being sued for participating in the writ of restitution order issued against the Stones; **(3)** Paul Henderson has been named for the same reasons; **(4)** Bill Howard, bda, Two Men in a Truck Moving Company, is being sued for transporting stolen property, by aiding the Harding's in moving the Stones' personal property; **(5)** Maricopa County and the City of Peoria are being sued for failing to investigate various contentions made by the Stones relating to the forcible detainer and writ of restitution actions; **(6)** Lex Anderson for issuing the writ of restitution; **(7)** Ron Meyer, who as constable executed the writ of restitution against the Stones; **(8)** John Keegan for failing to act upon alleged wrongdoing concerning the writ of restitution while Mayor of Peoria; **(9)** David Leonardo for actions that were similarly not taken while Chief of Police; **(10)** Michael Self and Thomas Steward on similar grounds, while working as Detectives for the Peoria Police Department. (Amended Complaint, Dkt.# 1, Exhibit Set 2).

In light of the background surrounding Plaintiff's instant litigation, the named Defendants have filed motions to dismiss based on res judicata, collateral estoppel, absolute judicial immunity, qualified immunity and failure to state a claim. (Dkt.# 6, 11, 16, 21). Rather than re-hash to Plaintiffs in yet another written Order why each of the claims contained in their Amended Complaint should be properly dismissed, this Court will refer Plaintiffs back to Judge Bury's Order in CV 05-2626, dated December 20, 2005, and Judge McNamee's Order in the same case, dated December 1, 2005. The Court will not waste any more of its energy or time repeating itself. All claims contained in Plaintiff's Amended Complaint, raised against each and every Defendant, are barred on the grounds of either res judicata or collateral estoppel. Montana v. United States, 440 U.S. 147, 153 (1979) (discussing res judicata); Hinkle Northwest, Inc. v. S.E.C., 641 F.2d 1304, 1308 (9th Cir. 1981) (discussing collateral estoppel).

As to Defendants Hardings, Anderson, Clark, Law Offices of Scott M. Clark, and Henderson, the doctrine of res judicata forces dismissal, since there have been final judgements on the merits against the Stones in lawsuits involving the same transactions and occurrences with these same Defendants in state and federal court. In re Enewally, 368 F.3d 1165, 1172 (9th Cir. 2004). The rules of claim preclusion under both Arizona and federal law prevent re-litigation here. Id.; In re General Adjudication of All Rights to Use Water in Gila River, 127 P.3d. 882 (Ariz. 2006). For the remaining Defendants, the doctrine of non-mutual defensive collateral estoppel precludes the Stones from raising issues that they previously have had a full and fair opportunity to present in both state and federal court, and that were actually litigated, necessarily determined and final in the cases CV 05-2626 (D. Ariz.) and CV2006-050748 (Maricopa County Superior Court). Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1400 (9th Cir. 1996) ("Defensive collateral estoppel applies when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.").

Because recovery in the instant case is precluded under any construction of law or fact, the Stone's Amended Complaint does not state a claim upon which relief can be

granted, and the Court finds their claims both legally and factually frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); 12(b)(6) Fed. R. Civ. P.   Given the Stones' history of filing and re-filing the same claims against the same defendants involving the same two fact patterns, and their continued use in bad faith of federal bankruptcy court to foil the enforcement of otherwise valid state court judgments, the Court will now consider the appropriateness of a vexatious litigant order.  Such an order would permanently enjoin Plaintiffs from filing future similar cases in the United States District Court for the District of Arizona absent pre-filing review.

### A. Motion to Declare Stones Vexatious Litigants

On November 13, 2007, Defendant's Clark, the Hardings, Henderson, Boyle, Law Offices of Scott M. Clark moved the Court to re-affirm the vexatious litigant Order that had been threatened should the Plaintiffs attempt to re-file claims related to the forcible detainer and writ of restitution in federal court. (Dkt.# 28).

This Court may, under the All Writs Act, 28 U.S.C. § 1651(a), utilize its inherent authority to issue an order enjoining litigants from filing any further actions or papers in the district court without first obtaining leave to do so. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047,1057 (9th Cir. 2007); United States v. New York Tel. Co., 434 U.S.159, 171-73 (1977); Parker v. Kitzhaber, 2000 WL 776646 at *6 (Ore. April 21, 2000). The Ninth Circuit has instructed lower courts to avoid "undue haste" when issuing such orders, since litigants have a due process right of access to use the courts. Molski, 500 F.3d at 1057 (quoting Logan v. Zimmerman, 455 U.S. 422, 429 (1982) ("the Supreme Court traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect property or as plaintiffs attempting to redress grievances.") (internal quotations omitted)). Yet, when litigants flagrantly abuse the judicial process by "preempting the use of judicial time that properly could be used to consider the meritorious claims of other litigants," such action "cannot be tolerated." Id. (quoting DeLong v. Hennessey, 912 F.2d 1144, 1146-49 (9th Cir. 1990) (internal quotations omitted)).

To this end, the Ninth Circuit has adopted four factors that are to be used when a court considers the appropriateness of a pre-filing injunction against a vexatious litigant. DeLong, 920 F.2d at 1147-48. First, a litigant must be given notice and a chance to be heard before the order is entered. Id. Second, the district must "compile an adequate record for review." Id. Third, the district court must make substantive findings regarding the frivolous or harassing nature of the parties litigation. Fourth, any vexatious litigant order issued must be "narrowly tailored to closely fit the specific vice encountered." Id. In addition, the court has instructed that pre-filing orders should rarely be imposed on *pro se* litigants. Id. (citing Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

After considering the relevant DeLong factors, the Court finds that a vexatious litigant order is appropriate under the circumstances of the instant case. As discussed in the background section of this Order, the Stones have a long history of filing abusive and harassing lawsuits against these defendants. The suits have ended with judgments against Plaintiffs on the merits, and multiple courts have explained to Plaintiffs why principals of claim and issue preclusion and judicial immunity prevent any further litigation. Yet, the Stones only respond to these courtroom defeats with more lawsuits. When, in turn, the next lawsuit has been thrown out of court, Plaintiffs file suit again hoping that the newest lawsuit will finally bring relief that the others have denied. This is a cycle of litigation that must come to an end.

Plaintiffs have been repeatedly warned by this and other Courts regarding the potential consequences of filing any more frivolous lawsuits in federal court. Indeed, in CV 05-2625, Plaintiffs were subject to sanctions by this Court under Rule 11 Fed. R. Civ. P. for bringing these and other related harassing claims. In that case, Judge Bury warned the Stones that a vexatious litigant order would issue if they could not self- regulate their use of the federal courts. The Court also ordered the Stones to forebear from bringing any more lawsuits that are factually related to the underlying merits, or the prosecution of, the Albertsons or Harding disputes. Yet, by filing CV 06-1324, the Stones flagrantly disregarded Judge Bury's order. After previous federal district court— in CV 06-1324— threatened John Stone with an order

to show cause why he was not in violation of the December 2005 Order, he took a voluntary dismissal to go litigate in Arizona state court, where the Stones, filing as joint plaintiffs, lost at summary judgement. Even after the latest defeat, Plaintiffs filed the instant suit in state court. The instant case essentially differs from CV 05-2626, CV 06-1324, and the state filing in CV CV2006-050748, only in that it names the Harding's latest attorney and the presiding judge, as defendants. The claims are otherwise identical. In fact, this Court's docket is replete with filings by the Stones that essentially ask this Court to re-litigate the merits of the forcible detainer, the writ of restitution and the bankruptcy order issued on September 6, 2005 that lifted the automatic stay. Furthermore, because Plaintiffs chose to take a voluntary dismissal in CV 06-1324 only after the Court raised the specter of a vexatious litigant order, and then litigated those same issues two more times, this Court is left with no other conclusion than that the instant case was brought in bad faith and with the sole purpose of harassing Defendants.

The fact that the instant case arrived at federal court by virtue of the Defendant's removing the case from state court is unavailing. It is not relevant that Plaintiffs did not chose the federal forum in which to litigate. Plaintiffs have been provided more than adequate notice that filing this suit in any forum was vexatious and unjustified. Judge Bury so warned them in the December 2005 Order. Plaintiffs refusal to abide by court orders and their obvious lack of respect for final judgments has left this Court with no alternative but to prevent the Stones from pursuing similar claims in this District.

**III. Conclusion**

Plaintiffs are vexatious litigants. They have placed a undue burden on this Court's resources by continuing to force it to address claims that were previously and conclusively decided by other courts. Under the guise of vindicating their federal rights, Plaintiffs have repeatedly harassed Kent and Kristina Harding, their counsel, and all those who have stumbled into this protracted litigation. Although there exists adequate cause to issue a **blanket** vexatious litigant order to prevent the Stones from bringing any additional lawsuits without pre-filing review, the Court is hesitant to pursue such a drastic course of action. At

1 the same time, all those who have been the targets of Plaintiffs' bad faith prosecutions must
2 be free from future action.

3 **Accordingly,**

4 **IT IS HEREBY ORDERED** dismissing with prejudice Plaintiffs' Amended
5 Complaint as violating this Court's Order, dated December 20, 2005 in the case <u>Stone, et al.
6 v. Baum, et al.</u>, CV 05-2626-PHX-DC. (Dkt.#1),

7 **IT IS FURTHER ORDERED** granting Defendant's Motions to Dismiss and
8 dismissing every named Defendant from this suit. (Dkt.# 6);(Dkt # 11); (Dkt.# 16); (Dkt.#
9 21). The Court finds that each claim raised by Plaintiffs in their Amended Complaint is
10 barred on the grounds of res judicata or collateral estoppel.

11 **IT IS FURTHER ORDERED** granting Defendants Clark, Henderson, Harding,
12 Boyle's Motion to Reaffirm the Vexatious Litigant Order of Judge Bury. (Dkt.# 28).

13 **IT IS FURTHER ORDERED** denying all Motions filed by Plaintiffs. (Dkt.## 13,
14 24, 25, 33, 47, 50, 55, 59, 61, 62).

15 **IT IS FURTHER ORDERED** that Plaintiffs John Stone and Shirley Stone are
16 hereby declared vexatious litigants.

17 **IT IS FURTHER ORDERED** that John and Shirley Stone are enjoined from filing
18 any further actions or lawsuits in this District without first obtaining leave of the Court,
19 including cases originally filed in Arizona State Court that have been properly removed to
20 federal court. This pre-filing injunction is limited to claims or allegations based upon
21 Plaintiffs' dispute with Kent and Kristina Harding over a residential lease agreement,
22 forcible detainer action, and writ of restitution order. This pre-filing injunction also extends
23 to claims related to Plaintiffs' subsequent and unsuccessful lawsuits before Maricopa County
24 Superior Court, United States District Court of Arizona and United States Bankruptcy Court.

25 **IT IS FURTHER ORDERED** that this pre-filing injunction also prevents John and
26 Shirley Stone from brining suit against Kent Harding, Kristina Harding, Lex Anderson, Scott
27 M. Clark, Paul K. Henderson, Joseph M. Boyle, and Law Offices of Scott M. Clark, <u>on any</u>
28

cause of action in the District of Arizona, including cases originally filed in Arizona State Court that have been properly removed to federal court, without leave of the Court.

**IT IS FURTHER ORDERED** that in order to obtain leave of the Court, Plaintiffs shall submit with their moving papers, a copy of this Order and an affidavit stating that the claims have not been previously addressed and are not frivolous or lacking merit. Failure to comply with the Court's Order will constitute sufficient grounds to deny Plaintiffs' request for leave and to dismiss Plaintiffs' suit.

**IT IS FURTHER ORDERED** that the Clerk provide a copy of this Order to the judges of the United States District Court for the District of Arizona and the Honorable James M. Marlar, United States Bankruptcy Judge for the District of Arizona.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly.

DATED this 29th day of September, 2008.

_____
Mary H. Murguia
United States District Judge